JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Anthony Turek and Leslie Turek

**DEFENDANTS**
Stanford University Medical Center, Dr. Justin Birenbaum, M.D., Dr. Michael Gadbow, M.D., Dr. Katherine Iesen, Ph.D., Dr. Joy Rusmintratip, M.D., Ph.D., Dr. Claire Turchi, M.D.

**(b)** County of Residence of First Listed Plaintiff  Yavapai
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Santa Clara
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark S. Roth California Bar No. 80612
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700, LA, CA 90017 213.892.7900

Attorneys *(If Known)*

12-444 MEJ

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §1332
Brief description of cause:
Medical Malpractice/Wrongful Death

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
(Place an "X" in One Box Only)
☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

DATE 01/27/2012  SIGNATURE OF ATTORNEY OF RECORD

Mark S. Roth, Esq.
California Bar No. 80612
COZEN O'CONNOR
601 S. Figueroa Street
Suite 3700
Los Angeles, California 90017
Telephone: (213) 892-7906
Facsimile: (866) 537-7533
Email: mroth@cozen.com
Attorneys for Plaintiff
ANTHONY TUREK and LESLIE TUREK, as
Successors in Interest of MICHAEL TUREK,
Deceased.

# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY TUREK and LESLIE TUREK, ) Case No.: 
as Successors in Interest to the estate of ) 
MICHAEL TUREK, Deceased, and in their ) **COMPLAINT FOR DAMAGES**
individual capacity; )
) **JURY TRIAL DEMANDED**
Plaintiffs, )
)
vs. )
)
STANFORD UNIVERSITY MEDICAL )
CENTER, DR. JUSTIN BIRNBAUM, M.D., )
DR. MICHAEL GADBOW, M.D., DR. )
KATHERINE IESEN, Ph.D., DR. JOY )
RUSMINTRATIP, M.D., Ph.D., DR. )
CLAIRE TURCHI, M.D; )
)
Defendants. )

## SUMMARY

1. Plaintiffs Anthony Turek and Leslie Turek, Successors in Interest of Michael Turek, Deceased (hereinafter "Plaintiffs") are Arizona citizens.

2. Defendant Stanford University Medical Center is a California entity with its principal place of business in Palo Alto, California.

COMPLAINT

3. All other defendants are employees of Stanford University Medical Center.

4. On or About October 24, 2010, defendants undertook to provide psychiatric medical care to Michael Turek. In providing such care, each defendant's conduct fell below the standard of medical care for providers such as each defendant in this action, the proximate result of which was the wrongful death of Michael Turek by suicide.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a) as plaintiff is a citizen of Arizona and defendant Stanford University Medical Center is a California entity with its principal place of business is California, all other defendants are employees of Stanford University Medical Center, and the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

6. Venue lies in this district under 28 U.S.C. § 1391 (a)(1), as defendant Stanford University Medical Center resides in this district, and under 28 U.S.C. § 1391 (a)(2), as a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this district.

## FIRST CAUSE OF ACTION

*(For Negligence against All Defendants)*

7.  This action arises from the provision of psychiatric medical services on an in-patient basis to Michael Turek by Defendants.

8.  At all times herein mentioned, the defendants, and each of them, were agents and/or employees of all other defendants and were acting within the course and scope of such agency or employment and are liable, both as agents for other defendants and solely.

9.  The defendants, and each of them, were at all times herein mentioned licensed or otherwise authorized to provide medical, hospital and other services and were actually employed by the hospital or were the ostensible agents of the hospital.

10. On or about October 24, 2010, defendants, and each of them, undertook to provide medical, hospital, nursing and other health care services to Michael Turek. Michael was a 40 year old male with a history of bipolar disorder. When he presented to the Emergency Room on October 22, 2010, he endorsed suicidal intent, whereupon he was placed on an involuntary psychiatric hold, but he avoided hospital security and eloped from the hospital. Michael returned to the hospital two days later on October 24, 2010. He voluntarily submitted to psychiatric hospitalization. Michael was placed on prescription medications for his mood disorders. On October 29, 2010, Michael was discharged from the hospital by the doctors involved in his treatment.

3
COMPLAINT

Later that day, Michael died when he committed suicide by throwing himself under the wheels of a train.

11. The hospital and all of the defendant medical health care professionals had a duty of care to safeguard Michael Turek, their patient, from danger due to mental incapacity, and in treating Michael they were required to exercise the degree of skill, knowledge and care exercised by doctors in their professional community.

12. A hospital is liable for a physician's malpractice when the physician is actually employed by or is the ostensible agent of the hospital.

13. Between October 22 and October 29, 2010, and thereafter, defendants, and each of them, so negligently and recklessly failed to treat, diagnose, warn, refer, advise, select, supervise and train subordinates, and otherwise provide health care to Michael Turek so as to cause personal injuries within the monetary and geographical jurisdiction of this court.

14. In providing the aforementioned medical and related services to Michael Turek, each defendant's conduct was below the standard of care for medical care providers such as each defendant in this action, including but not limited to:

    a) failing to properly diagnose the nature and extent of Michael's condition;

    b) failing to order that Michael's voluntary hospitalization be converted back to an involuntary commitment based upon his risk of harm to himself; and

    c) failing to conduct a thorough suicide assessment prior to Michael's discharge.

15. Pursuant to *Code of Civil Procedure* section 364, each known defendant was notified of plaintiffs intention to sue, as required by law. Such notice tolled plaintiffs statute of limitations by 90 days as a matter of law.

16. As a proximate result of the aforementioned conduct of defendants, and each of them, plaintiffs were caused to suffer, and did suffer, the wrongful death of decedent, Michael Turek, on or about October 29, 2010 and are entitled to recovery therefore.

17. As a proximate result of the aforementioned conduct of defendants, and each of them, plaintiffs were caused to incur, and did incur, the loss of wages and earning capacity of decedent, Michael Turek.

18. As a proximate result of the aforementioned conduct of defendants, and each of them, plaintiffs were caused to incur, and did incur, other damages and injuries to be proven but which at this time are unknown.

## SECOND CAUSE OF ACTION

*(For Negligent Infliction of Emotional Distress)*

19. Plaintiffs hereby refer to all of the allegations, claims and damages set forth in the First Cause of Action.

20. Plaintiffs, as parents of Michael Turek, were intimately involved in the health care of their son, and as such were active instrumentalities in their son's ongoing treatment for mental disorder, including his treatment by defendants.

21. While Michael Turek was receiving treatment from defendants, defendants obtained Michael's consent to engage plaintiffs in Michael's course of treatment. As such, defendants communicated with plaintiffs regularly throughout the period during which they were treating Michael. Plaintiffs related to defendants background information relevant to Michael's treatment and engaged with defendants to formulate a course of action for Michael's recovery, including plans for Michael to call his parents upon discharge and plans for Michael to potentially move in with his parents at some point subsequent to his discharge.

22. As Michael Turek's closest family members, plaintiffs were also the intended beneficiaries of Michael's medical treatment. Plaintiffs repeatedly expressed their distress and concern to defendants upon learning from defendants of Michael's suicidal ideations, and foreseeably and reasonably relied on defendants' services to relieve them of that distress and concern.

23. Defendants knew or should have known the extent to which plaintiffs were active instrumentalities to and intended beneficiaries of Michael Turek's medical treatment.

24. As a proximate result of the aforementioned conduct of defendants, and each of them, plaintiffs were caused to suffer, and did suffer, severe emotional distress as a result of the wrongful death of their son.

## THIRD CAUSE OF ACTION

*(Survivorship Action By Estate Of Michael Turek, Deceased, Against All Defendants Pursuant To Code Of Civil Procedure § § 377.30 et seq.)*

25. Plaintiffs hereby refers to all of the allegations, claims and damages set forth in the First Cause of Action.

26. Plaintiffs are persons qualified to bring a survivorship action pursuant to Code of Civil Procedure section 377.32. Plaintiffs Anthony Turek and Leslie Turek have executed a declaration as required pursuant to *Code of Civil Procedure* section 377.32, attached hereto.

27. Plaintiff Estate of Michael Turek, Deceased, seeks recovery of all damages alleged in the First Cause of Action which are recoverable pursuant to *Code of Civil Procedure* section 377.34.

28. In doing the acts herein alleged, defendants, and each of them, acted with oppression, fraud and malice, and plaintiffs are entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

WHEREFORE, plaintiffs pray for recovery against defendants, and each of them, as follows:

1. Plainitffs each seek $10,000,000 in special damages and $250,000 in general damages;

2. For attorney's fees as permitted by law;

3. For interest, as allowed by law;

4. For punitive and exemplary damages according to proof;

5. For costs; and,

6. For such other and further relief as the Court may deem proper.

DATED: January 27, 2012            **COZEN O'CONNOR**

BY: _____
Mark S. Roth
Attorneys for Plaintiffs

**DEMAND FOR A JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: January 27, 2012            **COZEN O'CONNOR**

BY: _____
Mark S. Roth
Attorneys for Plaintiffs

LOS_ANGELES\199372\1 279461.000