1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY and LESLIE TUREK, as
successors in interest to the Estate of Michael
Turek, deceased, and in their individual
capacities,

        Plaintiffs,

    v.

STANFORD UNIVERSITY MEDICAL
CENTER, JUSTIN BIRNBAUM, M.D.
MICHAEL GADBOW, M.D., KATHERINE
IESEN, M.D., JOY RUSMINTRATIP, M.D.,
and CLAIRE TURCHI, M.D.,

        Defendants.

                        /

No. C 12-00444 WHA

**FINAL PRETRIAL ORDER AND
ORDER RE MOTIONS *IN LIMINE***

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the

final pretrial order and rulings on motions *in limine*:

1.     This case shall go to a **JURY TRIAL** on **MONDAY, OCTOBER 21, 2013**, at **7:30**

**AM**, and shall continue until completed on the schedule discussed at the conference.  The issues

to be tried shall be those set forth in the joint proposed pretrial order except to the extent

modified by order *in limine*.  This final pretrial order supersedes all the complaint, answer and

any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly

identified for trial remain in the case.

2.     Except for good cause, and subject to exclusion for failure to disclose under Rule

26(a), each party is limited to the witnesses and exhibits disclosed in the joint proposed final

1   pretrial order less any excluded or limited by an order *in limine*.  Materials or witnesses used

2   solely for true impeachment need not be disclosed and may be used, subject to the rules of

3   evidence.

4          3.     The stipulations of facts set forth in the joint proposed final pretrial order are

5   approved and binding on all parties.

6          4.     A jury of **EIGHT PERSONS** shall be used.

7          5.     Each side shall have **EIGHT HOURS** to examine witnesses (counting direct

8   examination, cross-examination, re-direct examination, re-cross examination, etc.).

9   Opening statements and closing arguments shall not count against the limit.  If, despite being

10  efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs

11  out of time and it would be a miscarriage of  justice to hold that side to the limit, then more time

12  will be allotted.

13         6.     The parties shall follow the Court's current *Guidelines for Trial and*

14  *Final Pretrial Conference*, separately provided and available on the Internet at

15  http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

16         7.     Plaintiffs filed no motions *in limine*.

17         8.     Defendants filed the following timely motions *in limine* and the rulings were as

18                follows (after hearing):

19         •      Defendants' motion *in limine* number 1 is **GRANTED TO THIS EXTENT.**  Pursuant

20                to California Civil Code Section 3333.2, non-economic damages will be limited

21                to $250,000.  Neither party may refer to this limitation on non-economic

22                damages or the effect of Section 3333.2 without prior court approval.  Then, the

23                Court may possibly instruct the jury that it cannot award more than $250,000 for

24                non-economic damages, depending on the way the case is presented to the jury.

25         •      Pursuant to FRE 411, defendants' motion *in limine* number 2 to exclude

26                evidence of liability insurance for defendants or its physicians, nurses, and/or

27                employees is **GRANTED.**

28

**United States District Court**
For the Northern District of California

- In light of plaintiffs' non-opposition, defendants' motion *in limine* number 3 to prohibit Dr. Larry Wampler from expressing expert opinions on the decedent's care and treatment at Stanford Hospital & Clinics is **GRANTED.**

- Defendants' motion *in limine* number 4 to preclude the coroner's report or any mention or description of the decedent's death is **GRANTED IN PART AND DENIED IN PART.** Details concerning the gruesome nature of the decedent's injuries and death will be omitted, unless the Court rules otherwise based on an inquiry into plaintiffs' knowledge of such details. The parties, however, may present testimony on other details concerning the decedent's death.

- Defendants' motion *in limine* number 5 to prohibit any testimony or evidence of plaintiffs' emotional and mental distress or grief and sorrow is **GRANTED IN PART AND DENIED IN PART.** While testifying, plaintiffs may express grief for their son as any ordinary person would in their position. Plaintiffs, however, may not testify as to how much grief they have suffered due to the decedent's death, as "California cases have uniformly held that damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action." *Krouse v. Graham*, 19 Cal. 3d 59, 72 (1977). Furthermore, Dr. Larry Wampler will not testify as to plaintiffs' grief for the decedent.

- In light of plaintiffs' non-opposition, defendants' motion *in limine* number 6 to exclude the testimony of Randal Gardner is **GRANTED.**

- Defendants' motion *in limine* number 7 to prohibit any mention of or testimony regarding speculative special damages is **DENIED WITHOUT PREJUDICE.** The Court will later decide the extent to which any mention or testimony of special damages may be submitted to the jury, based on the record of the case as actually tried up to that point.

\*          \*          \*

United States District Court
For the Northern District of California

1      Two caveats to the tentative rulings above:  Any denial above does not mean that the

2   evidence at issue in the motion is admitted — it must still be moved into evidence, subject to

3   other possible objections, at trial.  And, a grant of a motion *in limine* does not exclude the item

4   at issue under any and all circumstances; the beneficiary of an order *in limine* may open the

5   door to the disputed evidence, for example.

6

7      **IT IS SO ORDERED.**

8

9   Dated:  October 8, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4