**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY and LESLIE TUREK, as successors in interest to the Estate of Michael Turek, deceased, and in their individual capacities,

    Plaintiffs,

  v.

STANFORD UNIVERSITY MEDICAL CENTER, JUSTIN BIRNBAUM, M.D. MICHAEL GADBOW, M.D., KATHERINE IESEN, M.D., JOY RUSMINTRATIP, M.D., and CLAIRE TURCHI, M.D.,

    Defendants.
                               /

No. C 12-00444 WHA

**ORDER RE DRAFT EXPERT REPORT**

## INTRODUCTION

In this negligence action, plaintiffs move to compel (1) production of an expert's draft report that was disclosed at deposition, and (2) testimony from the expert concerning that draft report. For the reasons stated, plaintiffs' motion is **DENIED.**

## STATEMENT

The background appears in the order dated September 12 (Dkt. No. 81). In brief, plaintiffs Anthony and Leslie Turek claim negligence against defendants Stanford Hospital & Clinics, Justin Birnbaum, and Joy Rusmintratip. Stanford Hospital & Clinics was erroneously sued as Stanford University Medical Center. Defendants Michael Gadbow, Katherine Iesen, and Claire Turchi have already been dismissed with prejudice.

On October 2, defense expert Dr. Renee Binder was deposed. At her deposition, Dr. Binder disclosed a copy of her Rule 26 report dated July 8. The report was then marked as an exhibit. Dr. Binder's final report, however, was dated July 10. It was not until part way through the deposition that plaintiffs' counsel noticed the difference in dates and the parties realized that the July 8 report was a draft produced by Dr. Binder. Defendants then requested an immediate break, during which defendants took possession of the draft report and Dr. Binder produced a copy of the final report. Later in the deposition, when plaintiffs questioned Dr. Binder about the draft report, defense counsel instructed Dr. Binder not to answer those questions.

Plaintiffs now move to compel production of the draft report as well as Dr. Binder's testimony on discrepancies and revisions concerning the draft and final reports. Defendants object on the grounds that the draft report is shielded by attorney-client privilege and work-product protection, and that Dr. Binder's disclosure of the draft report was inadvertent.

**ANALYSIS**

1. **FEDERAL RULE OF EVIDENCE 502(B).**

Rule 502(b) governs waiver of privilege in federal proceedings. Under this rule, disclosure of a privileged document normally operates as a waiver unless three elements are met: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." The burden of proving these elements rests with defendants, as the party asserting inadvertent disclosure here. *See Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

The order finds that defendants have met their burden as to the first and third elements. Dr. Binder testified that her disclosure of the draft report was a mistake. When the parties realized that Dr. Binder had produced the draft report, defendants took an immediate break and Dr. Binder provided a copy of the final report to plaintiffs. Defendants then objected to the use of the draft report and any questions concerning the draft report during the remainder of the deposition.

1   Plaintiffs nonetheless argue that no reasonable steps were taken to rectify Dr. Binder's
2 disclosure. They point to the fact that defendants did not object when plaintiffs began
3 questioning her about the draft report.

4   The order disagrees. The record shows that at the beginning of the deposition, plaintiffs
5 marked the draft report as an exhibit and asked Dr. Binder a few questions about whether the
6 exhibit was her report and whether she had affirmed the report to be true under the penalty of
7 perjury. Plaintiffs then moved on to ask Dr. Binder about her experience in testifying for other
8 depositions and proceedings. It was only when plaintiffs returned to the topic of the report that
9 the parties immediately realized Dr. Binder's disclosure of the draft report (Dep. 12:10–46:6).
10 As such, while defendants did not object to plaintiffs first questions about the report, defendants
11 nevertheless took reasonable steps to rectify Dr. Binder's disclosure once they learned of that
12 error.

13   The second element of Rule 502(b) presents a closer call. Defendants point out that they
14 were provided with a copy of Dr. Binder's final report, which was then produced to plaintiffs,
15 and that they specifically relied on Dr. Binder to bring a copy of the final report to the
16 deposition. Plaintiffs emphasize that neither Dr. Binder nor defendants reviewed the draft report
17 prior to the deposition to ensure that the report was not privileged or protected material.
18 Plaintiffs also allege that Dr. Binder had no system in place for distinguishing draft reports from
19 final reports.

20   As a preliminary matter, the order focuses on what "the holder of the privilege or
21 protection" did to prevent disclosure. Rule 502(b)(2). Here, it is true that defendants did not
22 look at the draft report before Dr. Binder produced it. But in light of Dr. Binder's experience in
23 testifying at "[p]ossibly a hundred" other depositions as a retained expert, it was reasonable for
24 defendants to rely on Dr. Binder to select the right document to bring to her deposition (Dep.
25 23:11–24:2). Because this was a sufficient effort here to prevent disclosure of privileged or
26 protected material, the order finds that Dr. Binder inadvertently disclosed the draft report under
27 Rule 502(b).

28

3

### 2. FEDERAL RULE OF EVIDENCE 612.

Plaintiffs nevertheless argue that Rule 612 requires disclosure because Dr. Binder used the draft report to refresh her memory. Not so. At best, the record demonstrates that Dr. Binder reviewed some materials that were listed in her draft report, as well as additional materials that she reviewed after preparing the draft report (Dep. 11:25–18:5). Nothing of record shows that the draft report was used to refresh her memory. Accordingly, Rule 612 does not enable plaintiffs to receive a copy of the draft report.

### CONCLUSION

For the reasons discussed, plaintiffs' motion to compel is **DENIED.** Plaintiffs will not receive a copy of Dr. Binder's draft report dated July 8, nor shall they seek testimony from Dr. Binder at trial in regards to discrepancies and revisions with her draft and final reports.

**IT IS SO ORDERED.**

Dated: October 17, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE