**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY and LESLIE TUREK, as successors in interest to the Estate of Michael Turek, deceased, and in their individual capacities,<br><br>    Plaintiffs,<br><br>  v.<br><br>JUSTIN BIRNBAUM, M.D., JOY RUSMINTRATIP, M.D., and STANFORD HOSPITAL & CLINICS,<br><br>    Defendants.<br>_____ / | No. C 12-00444 WHA |

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;
2. The exhibits which have been received into evidence;
3. The sworn testimony of witnesses in depositions, read into evidence; and
4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose,

may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection or the Court's ruling on it.

4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5.  Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and
7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

7.

A witness, however, willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

8.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

9.

You should decide the case as to each defendant doctor separately and as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties. A corporation, Stanford Hospital & Clinics, is a party in this lawsuit. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party. In this case, if you find that either or both doctors are liable, then the hospital will likewise be liable automatically to the same extent. Conversely, if you find neither doctor liable, then the hospital will not be liable either.

10.

In these instructions, I will often refer to a party's "burden of proof." When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence presented in court, that the claim is more likely to be true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence

favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party with the burden of proof did not prove it. You should consider all the evidence, no matter which party produced the evidence.

11.

If you find that plaintiffs carried their burden of proof as to each element of their claim, your verdict should be for plaintiffs on that claim. If you find that plaintiffs did *not* carry their burden of proof as to each element, you must find against plaintiffs on that claim.

12.

I will now turn to the law that applies to this case. Plaintiffs Leslie and Anthony Turek allege that their son, Michael Turek, died because of negligence by defendants Dr. Justin Birnbaum, Dr. Joy Rusmintratip, and Stanford Hospital & Clinics. To establish a claim of negligence against a doctor, plaintiffs have the burden to prove the following three elements by a preponderance of the evidence against defendants:

1. The doctor was negligent;
2. Plaintiffs were harmed; and
3. The doctor's negligence was a substantial factor in causing the decedent's death and plaintiffs' harm.

13.

I will now explain the first element of a negligence claim more fully. Generally, a person is negligent when he fails to use reasonable care to prevent harm to himself or to others. A person can be negligent by acting or by failing to act.

14.

In determining whether a doctor was negligent in this case, you must determine and compare two things — you must compare the treatment and diagnosis by the doctor against the appropriate standard of care. The appropriate standard of care means the skill, knowledge, and care in diagnosis and treatment that other reasonably careful psychiatrists would use in similar circumstances. In determining the standard of care appropriate for the case at hand, you must be guided by the professional evidence provided to you in the trial as opposed to lay opinion. This is because lay persons, like yourselves, and lay witnesses cannot be expected to know the appropriate standard of medical care. So, you must base your determination of the standard of care on professional testimony and evidence.

On the other hand, in determining the actual treatment and diagnosis rendered in the case at hand, you may consider all of the trial evidence, not just the professional evidence. You must then decide whether plaintiffs have carried their burden to prove that the actual treatment and diagnosis fell short of the appropriate standard.

15.

A medical practitioner is not necessarily negligent just because he errs in judgment or because his efforts prove unsuccessful. A medical practitioner is also not negligent just because he chooses one medically accepted method of treatment or diagnosis and it turns out that another medically accepted method would have been a better choice. The practitioner is negligent only if he was not as skillful, knowledgeable, or careful as other reasonable medical practitioners would have been in similar circumstances.

In this case as stated, if you find either doctor negligent, then the hospital will automatically be found negligent as well. If you find neither doctor negligent, then the hospital will likewise be automatically found not negligent.

There is no claim in this case for rudeness or insensitivity. Liability can only be based, if at all, upon professional negligence of one of the two doctors.

16.

I will now explain what a substantial factor is. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm, as demonstrated by competent expert testimony. A substantial factor must be more than a remote or trivial factor. But it does not have to be the only cause of the harm. Conduct is *not* a substantial factor in causing harm though if the same harm would have occurred without that conduct.

17.

Healthcare providers have testified that Michael Turek, Leslie Turek, and/or Anthony Turek made statements to them about Michael Turek's medical history. These statements helped these healthcare providers diagnose Michael Turek's condition. You can use these statements to help you examine the basis of the healthcare provider's opinion. But you cannot use them for any other purpose. A statement by Michael Turek to any healthcare provider about his own medical condition, however, can be considered as evidence of that medical condition.

18.

You have also heard testimony regarding a "5150 hold." When a person, as a result of a mental disorder, is either a danger to himself or to others, or is gravely disabled, a peace officer, staff member of an evaluation facility, or other professional person designated by the county can place that person in a facility for 72 hours of treatment and evaluation. That placement is what is generally referred to as a Section 5150 hold or simply, a "5150 hold."

In this case, there is no claim that the doctors should have held the decedent on an involuntary hold pursuant to Section 5150 or that they were negligent in not doing so. As a matter of law, I instruct you that you may not hold defendants liable on account of Section 5150.

19.

It is now the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. As the party seeking damages, plaintiffs bear the burden of proving damages by a preponderance of the evidence. If you decide that plaintiffs have proved their claim against defendants for the death of Michael Turek, you also must decide how much money

will reasonably compensate Anthony and Leslie Turek for the death of Michael Turek. This compensation is called "damages."

20.

Plaintiffs do not have to prove the exact amount of these damages. However, you are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. However, if you determine that plaintiffs are entitled to recover, you should compensate them for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

21.

In this matter, plaintiffs seek economic damages as well as noneconomic damages. Specifically, plaintiffs claim economic damages for funeral and burial expenses, including family travel to Michael Turek's funeral.

Plaintiffs also seek noneconomic damages, for the loss of Michael Turek's love, society, comfort, companionship, assistance, training and guidance.

There is no fixed standard for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. Furthermore, for these noneconomic damages, please determine the amount in current dollars paid at the time of judgment that will compensate plaintiffs for those damages.

Also, in determining plaintiffs' loss, you may *not* award damages for:

1. Plaintiffs' grief, sorrow, or mental anguish;
2. Decedent's pain and suffering; or
3. The poverty or wealth of plaintiffs.

22.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you

9

must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

23.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations. The Clerk will also provide you with an index to them.

24.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

   1. All of the exhibits received into evidence;
   2. An index of the exhibits;
   3. A work copy of these jury instructions for each of you;
   4. A work copy of the verdict form for each of you; and
   5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

25.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

26.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations on the next court day and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

27.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

28.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: October 28, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY and LESLIE TUREK, as successors in interest to the Estate of Michael Turek, deceased, and in their individual capacities,

    Plaintiffs,

  v.

JUSTIN BIRNBAUM, M.D., JOY RUSMINTRATIP, M.D., and STANFORD HOSPITAL & CLINICS,

    Defendants.

No. C 12-00444 WHA

**SPECIAL VERDICT FORM**

Please answer the questions below as indicated.  Your answers to the following questions must be unanimous.

### QUESTION NO. 1

Have plaintiffs proven by a preponderance of the evidence that either of the following were negligent in their care and treatment of Michael Turek?

                              **YES**                        **NO**

Justin Birnbaum, M.D.:    _____              _____

Joy Rusmintratip, M.D.:    _____              _____

If you answer yes as to either doctor, then Stanford Hospital & Clinics will automatically be liable to the same extent and go on to Question 2.  If you answer no as to both doctors, then the hospital will not be liable.  If you answer no as to both doctors, you are done, so go to the end and sign and date this form; otherwise, go to the next question.

### QUESTION NO. 2

Have plaintiffs proven by a preponderance of the evidence that said negligence was a substantial factor in causing Michael Turek's death?

                                **YES**                        **NO**

Justin Birnbaum, M.D.:    _____              _____

Joy Rusmintratip, M.D.:    _____              _____

If you answer no as to both doctors, you are done, so please go to the end and sign and date this form.  Otherwise, go to the next question.

**QUESTION NO. 3**

What economic damages have plaintiffs proven by a preponderance of the evidence?

Funeral and burial expenses
(including family travel expenses to the funeral):     $ _____

**QUESTION NO. 4**

What noneconomic damages (for loss of Michael Turek's love, society, comfort, companionship, assistance, training, and guidance) have plaintiffs proven by a preponderance of the evidence?

Leslie Turek:     $ _____

Anthony Turek:     $ _____

**QUESTION NO. 5**

If you have answered yes as to *both* questions 1 and 2 as to *both* doctors, what percentage of responsibility for the death of Michael Turek do you assign to:

Justin Birnbaum, M.D.:     _____%

Joy Rusmintratip, M.D.:     _____%

**CONCLUSION**

Please have the foreperson sign and date this form. Then contact the deputy or marshal to inform him or her that you have completed your deliberations.

Dated: October ____, 2013.

                                                      FOREPERSON

3